DENNIS SULLIVAN *vs.* ROLLO L. SHAILOR.

First Judicial District, Hartford, May Term, 1898. ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

An undisclosed principal may maintain an action in his own name against a third person, to recover for labor and materials furnished the latter under a contract made with him by the principal's agent; but the defendant, under such circumstances, will be entitled to all the equities, set-offs, and other defenses of which he might have availed himself had the action been brought in the name of the agent.

[Submitted on briefs May 6th—decided July 26th, 1898.]

ACTION to recover for work and labor and materials furnished, brought to the Court of Common Pleas in Hartford County and tried to the court, *Case, J.;* facts found and judgment rendered for the defendant, and appeal by the plaintiff for alleged errors in the rulings of the court. *Error and new trial granted.*

The following facts were found by the court: "1. The plaintiff is a builder of Hartford, who at some time prior to any of the transactions upon which this suit is based, entered into an agreement in writing with one John McKenna, engaging McKenna to act as his, the plaintiff's, agent in making contracts for work incidental to the business, which arrangement has ever since been and still is in force between said parties. 2. The defendant was no party to this arrangement, had no notice of it, and knew nothing of its existence

either before or during the period covered by his dealings with the said McKenna, as hereinafter found.   3. In July and August, 1897, at the defendant's instance, the said John McKenna undertook certain work for the defendant, and a verbal contract was entered into between the defendant and McKenna whereby the latter was to perform certain services and furnish certain materials in the construction of certain buildings which the defendant proposed erecting. Said contract was of a kind which said McKenna had full authority to make as agent, under the terms of his said agreement with the plaintiff, Sullivan.   4. Said contract was fully performed, and the services and materials rendered and furnished thereunder have not been fully paid for by the defendant, and this suit is brought to recover the balance due.   5. In all said transactions between the defendant and said McKenna, there was no disclosure or suggestion by McKenna, and no knowledge on the defendant's part, that McKenna claimed to be acting other than on his own account and behalf; nor did McKenna disclose in any manner that his claimed position was that of an agent either for the plaintiff or for any person whose identity was not made known to the defendant.   Upon these facts the plaintiff claimed and asked the court to hold, as matter of law, that John McKenna's contract with the defendant was the contract of Dennis Sullivan, as an undisclosed principal, and that the defendant was holden thereunder to said Sullivan.   The court declined so to hold, but did hold that Sullivan was no party to the contract relied upon, and rendered judgment for the defendant."

The refusal of the court to rule as requested, and the ruling and decision of the court as stated in the finding, are the grounds of the plaintiff's appeal.

*Andrew J. Broughel, Jr.,* for the appellant (plaintiff).

The plaintiff, as an undisclosed principal, had the right to maintain an action on these contracts.   *Thomson* v. *Davenport*, 2 Sm. L. Cas. (5th Am. ed.) 358; Pollock on Cont. (4th ed.) 168; 1 Amer. & Eng. Ency. of Law (1st ed.), 423,

424; 1 Amer. & Eng. Ency. of Law (2d ed.), 1168; Sto. on Agency, 192; *Sims* v. *Bond*, 5 B. & Ad. 389; *Huntington* v. *Knox*, 7 Cush. 371; *Sutton* v. *Mansfield*, 47 Conn. 388; *Merrill* v. *Kenyon*, 48 id. 314. If the defendant had any defense good against McKenna he might have availed himself of it in this action; but he could not defeat the action by proving that he did not know that McKenna was acting as the plaintiff's agent.

*Albert C. Bill* and *Joseph P. Tuttle*, for the appellee (defendant).

There was no contractual relation between the plaintiff and defendant, nor did any consideration move from the plaintiff, nor is it known that the plaintiff had anything to do with the performance of the contract sued upon. Without such relationship, and without such consideration, the plaintiff cannot maintain his action. *Nat. Life Ins. Co.* v. *Allen*, 116 Mass. 401; *Boston Ice Co.* v. *Potter*, 123 id. 28. Sullivan should have notified the defendant that the contract of McKenna was his contract, and his failure so to do until after the completion of the same is an evidence of bad faith. *Bingham* v. *Peters*, 1 Gray, 147; *United States* v. *Parmelee*, Paine, 252. This case is distinguished from the line of cases in which an undisclosed principal can maintain an action in his own name, by the fact that it was an executory contract in which the character, ability, knowledge and skill of the particular person with whom the contract is made is the consideration which leads the other party to enter into it. It will scarcely be questioned that a man has a right to choose the persons with whom he shall deal, nor that he has the right to refuse to deal with such persons as he does not wish to deal with. *Boston Ice Co.* v. *Potter, supra; Winchester* v. *Howard*, 97 Mass. 305; *Robson* v. *Drummond*, 2 B. & H. 303; *Humble* v. *Hunter*, 12 Q. B. 317; *Fenty* v. *Stewart*, 5 Sanf. N. Y. Sup. Ct. 101; *Lansden* v. *McCarthy*, 45 Mo. 108. We know of no class of contracts in which confidence in the contractor plays so important a part as in that of house building. The usual ignorance of the owner, and the great facil-

ities for cheating, render such contracts conspicuously a class wherein a party has a right to choose his contractor.

HALL, J. The contract of an agent within the scope of his authority and for the benefit of his principal, is generally enforceable by the latter only, and in the same manner as if made by him in person. But a third party, though dealing with an agent who is acting within the limits of his power and for the benefit of his principal, is not compelled against his own wishes to contract with either a known or unknown principal. He may in such cases contract with the agent in his personal capacity, to the exclusion of the principal, and when it is clearly shown, either from the terms of the agreement or by the attendant circumstances, 'that the contract was exclusively with the agent personally, the principal does not become a party to the contract and cannot sue upon it in his own name. Story on Agency, § 423; Mechem on Agency, § 771; *Humble* v. *Hunter*, 12 Q. B. 310; *Winchester* v. *Howard*, 97 Mass. 303.

When an agent, within the limits of his authority and for the benefit of his principal, enters into a contract not under seal, with a third person, either without disclosing the fact of his agency, or, if that fact be disclosed, without disclosing the name of his principal, as a general rule suit may be instituted by either the agent or the principal for the enforcement of such contract. But as the reason of the rule which permits the principal to sue in such cases in his own name, is that he is entitled to the ultimate benefit of the contract made by his agent, so in seeking to recover that benefit he must assume the position of the agent whose contract he is enforcing, and the action so instituted by him is open to the defenses which might have been interposed to a suit commenced by the agent at the time the principal first sought to enforce the contract. Story on Agency, § 340; Mechem on Agency, §§ 769–773; *Sims* v. *Bond*, 5 B. & Ad. 389; *Ford* v. *Williams*, 21 How. U. S. 287; *Ilsley* v. *Merriam*, 7 Cush. 242; *Huntington* v. *Knox*, ibid. 371; *National Life Ins. Co.* v. *Allen*, 116 Mass. 398; *Ludwig* v. *Gillespie*, 105 N. Y. 653.

In *Foster* v. *Graham*, 166 Mass. 202, Chief Justice Field, in giving the opinion of the court, says : " In *Barry* v. *Page*, 10 Gray, 398, it is said: 'As the contract of an agent is in law the contract of the principal, the latter may come forward and sue thereon, although at the time the contract was made the agent acted as and appeared to be the principal. There is a qualification of the rule, by which it is held that when a contract has been made for an undisclosed principal, who permits his agent to act as apparent principal in the transaction, the right of the former to intervene and bring suit in his own name is not allowed in any way to affect or impair the right of the other contracting party, but he will in such case be let in to all the equities, set-offs and other defenses to which he would have been entitled, if the action had been brought in the name of the agent.'"

The right of the principal to sue upon a contract made by an agent without disclosing his principal, was recognized by this court in *Sutton* v. *Mansfield*, 47 Conn. 388.

The law will not, however, extend to an undisclosed principal the right to perform himself the executory contract of his agent which involves a personal trust or confidence imposed in the latter by the other contracting party. But if a contract so made by a third party in consideration of the personal character, ability or skill of the agent, has been fully performed by the latter, or if performance by the principal has been accepted, there would seem to be no reason why the undisclosed principal should not be entitled to enforce by an action against the third party, a performance by him of his part of the contract. Mechem on Agency, § 770 ; *Boston Ice Co.* v. *Potter*, 123 Mass. 28 ; *King* v. *Batterson*, 13 R. I. 117 ; *Eggleston* v. *Boardman*, 37 Mich. 14.

From the finding of facts in the case at bar, it appears that McKenna, as an agent of the plaintiff, but without having disclosed either the name of his principal or the fact of his agency, contracted as an apparent principal with the defendant to furnish materials and render services in the construction of certain buildings. The undertaking of McKenna has been fully performed, but the sum due from the

defendant has not been fully paid. This action is to recover the balance due. As the answer is a general denial, there was apparently no claim by the defendant of payment to McKenna, or a right of set-off against him, and there is no fact found indicating that it would work an injustice to the defendant if he should be required to pay to the plaintiff the full amount of his claim. The contract was not by its terms made solely with the agent personally, to the exclusion of any principal, nor are the facts surrounding the making of the contract such as to show a desire on the part of the defendant to deal with McKenna personally and exclusively. The case presented is simply that of a principal claiming the right to sue in his own name upon a contract made for his benefit by his authorized agent with a third party, who had no knowledge of the agency, and who dealt with the agent as an apparent principal. The plaintiff is in law a party to the contract which was so made by his agent, and may maintain an action upon it upon the facts before us.

There was error in the ruling of the court that the plaintiff was not a party to the contract made by McKenna with the defendant, and a new trial is granted.

In this opinion the other judges concurred.