WHITLOCK'S, INC. *vs.* ROY E. MANLEY.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, Js.

Argued October 15th—decided December 21st, 1937.

*Herman S. Hodes,* for the appellant (plaintiff).

*Aaron Nassau,* with whom, on the brief, was *Francis P. Rohrmayer,* for the appellee (defendant).

AVERY, J. The complaint in this action was in two counts. In the first count, it was alleged with some detail that Roy E. Manley purchased antiques on a consignment basis, that he had sold all or part of the

merchandise and failed to account therefor or to make any payment thereon or to return any of the merchandise remaining unsold, and that in obtaining money received from the sale of the merchandise, he was acting in a fiduciary capacity for the benefit of Whitlock's Book Store, Inc., and in the sale was acting as its agent. The second count of the complaint was the same as the first count except to allege that the plaintiff had elected to include Roy E. Manley, Inc., a corporation, in the capacity of principal as a debtor on the account.

In the finding of the court the following facts appear: In 1930 and prior thereto Whitlock's Book Store, Inc., and Roy E. Manley, Inc., were Connecticut corporations, the former located in New Haven and the latter in Hartford and both dealing in books and antiques. Roy E. Manley was president and treasurer of the latter corporation and a licensed auctioneer. This corporation also had a storehouse and a place where auctions were held in Riverton, Connecticut, and conducted auctions on commission throughout New England, Manley acting as auctioneer and his name frequently appearing as such on hand bills and advertising. Prior to 1930, he had done business with and for Whitlock's Book Store, Inc., conducting several auctions for them. In October, 1930, Whitlock's wrote Manley with reference to conducting an auction of antiques for them at their place of business. This he refused to do but after some negotiations it was agreed that he should select a list of items at agreed prices for which he should be charged on open account, goods to be paid for when sold, with the privilege of returning for credit goods which proved to be unsalable. In this entire transaction, Manley acted as an officer and agent of Roy E. Manley, Inc. He selected a list of goods at agreed

prices and from time to time the goods listed were taken to either the Hartford or Riverton business places of Roy E. Manley, Inc., and some were sold and paid for, others returned for credit and some items sold but not paid for. In 1934, Whitlock's Book Store, Inc., was adjudicated bankrupt, and about the same time Roy E. Manley, Inc., was dissolved. The plaintiff claimed to have acquired this claim through several assignments running back to the trustee in bankruptcy of Whitlock's Book Store, Inc.

The case was tried to the court which found, in addition to the facts already mentioned, that the transaction was a sale on open account. It further found that merchandise to the extent of $90 had been sold but not paid for. The trial court concluded that it could not give judgment for the plaintiff because of the nature of the action; and the plaintiff has appealed, claiming that the court was in error in deciding that the transaction was a sale rather than a consignment, but that in any event the plaintiff was entitled to a judgment for the unpaid balance. The plaintiff also claimed that the court erred in refusing to allow an amendment to the complaint and in certain rulings on evidence. It is unnecessary, however, to discuss these questions.

The finding of the court that throughout the entire transaction Manley was acting for the corporation is not otherwise attacked than as a conclusion without support in the subordinate facts. It is not attacked in the plaintiff's assignments of error as unsupported by the evidence, and indeed in the transcript of evidence made part of the record there is testimony supporting this finding. It is not found that Whitlock's Book Store, Inc., dealt with Manley in his individual capacity in the matter, or that either the fact that he was acting for a principal or the identity of the

principal was unknown. Upon the facts found we have the case of an agent within the scope of his authority contracting with a third party for a known principal, and no fact in the finding shows that the contract was with the agent personally. Under such circumstances, the liability is upon the principal and the agent is not liable. *Sullivan* v. *Shailor,* 70 Conn. 733, 736, 40 Atl. 1054; *Ell Dee Clothing Co.* v. *Marsh,* 247 N. Y. 392, 160 N. E. 651, 653; *Evans, Coalman & Evans* v. *Pistorino,* 245 Mass. 94, 139 N. E. 848, 850. "An agent, by making a contract only on behalf of a competent disclosed or partially disclosed principal whom he has power so to bind, does not thereby become liable for its nonperformance." Restatement, 2 Agency, § 328. "An authorized agent for a disclosed principal, in the absence of circumstances showing that personal responsibility was incurred, is not personally liable to the other contracting party." 3 C. J. S. 119. "If a contract is made with a known agent acting within the scope of his authority for a disclosed principal, the contract is that of the principal alone, unless credit has been given expressly and exclusively to the agent, and it appears that it was clearly his intention to assume the obligation as a personal liability and that he has been informed that credit has been extended to him alone." 2 Am. Jur., p. 247. As Roy E. Manley, Inc., was not a party defendant in this case and Roy E. Manley individually was not upon the finding personally responsible it follows that there was no basis upon which a recovery by the plaintiff could be sustained.

There is no error.

In this opinion the other judges concurred.