[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs, owners of oil storage tanks, have made application for a prejudgment remedy against the defendants who, claim the plaintiffs, leased the tanks from them and owe back rent.
On an application for a prejudgment remedy, "[t]he hearing shall be limited to a determination of (1) whether or not there is probable cause that a judgment in the amount of the prejudgment remedy sought, or in an amount greater than the amount of the prejudgment remedy sought, taking into account any defenses, counterclaims or set-offs, will be rendered in the matter in favor of the plaintiff, (2) whether payment of any judgment that may be rendered against the defendant is adequately secured by insurance, (3) whether the property sought to be subjected to the prejudgment remedy is exempt from execution, and (4) if the court finds that the application for the prejudgment remedy should be granted, whether the plaintiff should be required to post a bond to secure the defendant against damages that may result from the prejudgment remedy or whether the defendant should be allowed to substitute a bond for the prejudgment remedy. If the court, upon consideration of the facts before it and taking into account any defenses, counterclaims or set-offs, claims of exemption and claims of adequate insurance, finds that the plaintiff has shown probable cause that such a judgment will be rendered in the matter in the plaintiff's favor in the amount of the prejudgment remedy sought and finds that a prejudgment remedy securing the judgment should be granted, the prejudgment remedy applied for shall be granted as requested or as modified by the court."
Thus, "General Statutes 52-278d (a) provides that a trial court may issue a PJR if it determines that there is `probable cause to sustain the validity of [the plaintiff's] claim.' It is firmly established that the trial court's hearing in probable cause is not intended to be a full scale trial on the merits of the plaintiff's claim. `The plaintiff does not have to establish that he will prevail, only that there is probable cause to sustain the validity of the claim. . . . The court's role in such a hearing is to determine probable success by weighing probabilities. . . .' (Internal quotation marks omitted.) CalfeeCT Page 10059v. Usman, 224 Conn. 29, 37, 616 A.2d 250 (1992). Probable cause for purposes of the PJR statutes is a flexible common sense standard that does not demand that a belief be correct or more likely true than false. Goodwin v. Pratt, 10 Conn. App. 618, 621,524 A.2d 1168 (1987)." Fischel v. TKPK Ltd., 34 Conn. App. 22,24, 640 A.2d 125 (1994).
In a hearing on a prejudgment remedy, the plaintiff may not simply rely on his complaint and affidavits. Swet v. SummerbrookMill Development Corporation, 21 Conn. App. 191, 572 A.2d 385
(1990 ).
The evidence at the hearing on this application was somewhat ambiguous. This may be due in part to the panoply of defendants with common or related ownership. There are seven defendants, and the plaintiffs claimed that they were all liable for past due rents of $319,750.00. The president of National Oil Services, Inc. admitted, and the court therefore finds, that that entity owned the plaintiffs $300,000. Although there was testimony that National Oil Services, Inc. had filed a bankruptcy petition in the past, there was no proper evidence that this debt had been discharged. The same witness, who is a principal of National Oil Recycling and Environmental Service, Inc., testified, and the court finds, that that entity owes the plaintiffs $32,000.00. While there was some suggestion that certain of the other corporate defendants may have used the plaintiffs' tanks and thus may ultimately be found liable at trial, there was insufficient evidence on which to base a finding of probable cause or of the probable amount which these defendants may owe. The plaintiff must establish the probable amount of damages involved. EssexGroup, Inc. v. Ducci Electric Co., 181 Conn. 524, 525,436 A.2d 16 (1980); Mullai v. Mullai, 1 Conn. App. 93, 94 (1983).
As to the individual defendants, Robert and Wendy Pattison, there was evidence that Robert Pattison is or was an owner and salaried officer of National Oil Services, Inc. and National Oil Recycling and Environmental Service, Inc., as well as an owner, officer or director of certain other corporate defendants. He signed as president the agreements whereby National Oil Services, Inc. and National Oil Recycling and Environmental Service, Inc. leased oil storage tanks from the plaintiffs. Absent evidence that the court should pierce the corporate veil, however, the individual defendants are shielded from corporate liability.
Here, as in Whitlock's, Inc. v. Manley, 123 Conn. 434, 437, CT Page 10060196 A. 149 (1937), "we have the case of an agent within the scope of his authority contracting with a third party for a known principal, and no fact . . . shows that the contract was with the agent personally. Under such circumstances, the liability is upon the principal and the agent is not liable. Sullivan v. Shailor,70 Conn. 733, 736, 40 A. 1054; Ell Dee Clothing Co. v. Marsh,247 N.Y. 392, 160 N.E. 651, 653; Evans, Coalman Evans v.Pistorino, 245 Mass. 94, 139 N.E. 848, 850. `An agent, by making a contract only on behalf of a competent disclosed or partially disclosed principal whom he has power so to bind, does not thereby become liable for its nonperformance.' Restatement, 2 Agency, § 328. `An authorized agent for a disclosed principal, in the absence of circumstances showing that personal responsibility was incurred, is not personally liable to the other contracting party.' 3 C. J. S. 119. `If a contract is made with a known agent acting within the scope of his authority for a disclosed principal, the contract is that of the principal alone, unless credit has been given expressly and exclusively to the agent, and it appears that it was clearly his intention to assume the obligation as a personal liability and that he has been informed that credit has been extended to him alone.' 2 Am.Jur., p. 247." See also Rich-Taubman Associates v. Commissioner of RevenueServices, 236 Conn. 613, 619, 674 A.2d 805 (1996); Campisano v.Nardi, 212 Conn. 282, 291-294, 562 A.2d 1 (1989); Marron Buildingand Contracting Corp. v. Flor, 22 Conn. App. 689, 699,580 A.2d 508 (1990); Connecticut Limousine Service, Inc. v. Powers,7 Conn. App. 398, 401-402, 508 A.2d 836 (1986); Behlman v.Universal Travel Agency, Inc., 4 Conn. App. 688, 690 (1985) ("An agent, by making a contract only on behalf of a competent disclosed principal whom he has the power to bind, does not thereby become liable for its nonperformance. 2 Restatement (Second) Agency § 328."); Housatonic Valley Publishing Co.,38 Conn. Sup. 94, 98 (1983) ("When an agent acting within his scope of authority, contracts with a third party for a known principal he is not liable."). The court must take cognizance of this elementary principal of corporate and agency law in determining the plaintiffs' application for a prejudgment attachment.L. Suzio Concrete Co. v. Salafia, 3 Conn. App. 404, 488 A.2d 1280
(1985).
A prejudgment remedy of attachment of personal property may enter in favor of the plaintiffs and against the defendant National Oil Services, Inc. in the amount of $300,000.00 and against the defendant National Oil Recycling and Environmental Service, Inc., in the amount of $32,000.00. CT Page 10061
BY THE COURT
Bruce L. LevinJudge of the Superior Court