[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This matter is brought to the court on defendants' motion to strike counts four, five and six of plaintiff's revised complaint dated May 15, 1998.
The plaintiff founded a business in 1967 known as Underwater Construction, Inc. (the diving company). The defendant, Rust International, Inc. (Rust), through a series of corporate transactions, became the ultimate owner of the diving company. The plaintiff was retained by Rust as an employee. Throughout the period of his employment, the plaintiff told Rust executives of his desire to purchase the diving business. At the time of their departure from the diving company, Rust executives promised the plaintiff a first right to purchase the company in the event it was ever sold. The defendant, Lawton, was an employee of the diving company both before and after the acquisition by Rust. Lawton was aware that the plaintiff had been promised a first right to purchase the diving company if it were offered for sale. CT Page 845 Lawton, however, purchased the diving company from Rust on or about December 5, 1996. On May 15, 1998, the plaintiff filed a six count revised complaint against the defendants. On May 29, 1998, the defendants filed a motion to strike counts four, five, and six of the plaintiff's complaint along with a supporting memorandum of law. The plaintiff filed a memorandum in opposition.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.) Faulkner v. United Technologies Corp. ,240 Conn. 576, 580, 693 A.2d 293 (1997). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." Id. "[F]or the purpose of a motion to strike, the moving party admits all facts well pleaded." RK Constructors, Inc. v. Fusco Corp. , 231 Conn. 381,383 n. 2, 650 A.2d 153 (1994). "This includes the facts necessarily implied and fairly provable under the allegations . . . It does not include, however, the legal conclusions or opinions stated in the complaint." (Citation omitted.) Forbes v. Ballaro, 31 Conn. App. 235, 239, 624 A.2d 389
(1993). "If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Internal quotation marks omitted.) Faulkner v. United Technologies Corp. , supra, 240 Conn. 580.
The plaintiff alleges in counts four and six of his complaint that the conduct of the defendants constitutes an unfair or deceptive practice in the conduct of "trade or commerce" as defined under the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a et seq.
In support of the motion to strike, the defendants argue that CUTPA does not apply to a private, individual, one-time sale of a business when that person is not in the business of selling businesses.
"The purpose of CUTPA is to protect the public from unfair practices in the conduct of any trade or commerce . . . " Krawiecv. Blake Manor Development Corp. , 26 Conn. App. 601, 607,602 A.2d 1062 (1992). "In order to allege a CUTPA violation properly, the plaintiff must allege, inter alia, that the acts complained of were performed in a trade or business." (Internal quotation CT Page 846 marks omitted.) Pergament v. Green, 32 Conn. App. 644, 655,630 A.2d 615, cert. denied, 228 Conn. 903, 634 A.2d 296 (1993).
The Connecticut trial courts are split over whether a one time sale of real estate falls under the purview of CUTPA. Neither the Appellate Court nor the Supreme Court has addressed the issue. It appears to this court that the better reasoned decisions hold that the sale of a business by one not engaged in the business of selling is not sufficient to state a cause of action under CUTPA. Courts have cited the following reason for refusing to permit such an action under CUTPA: "the basic policy of [CUTPA] was to regulate business activities with the view to providing . . . a more equitable balance in the relationship of consumers to persons conducting business activities . . . [T]he effect of applying [CUTPA] to a one-shot deal such as this would give superior rights to only one of the parties, even though as nonprofessionals both stand on an equal footing." (Internal quotation marks omitted.) Keeler v. Deuth, Superior Court, judicial district of Waterbury, Docket No. 83941 (September 2, 1988) (Healey, J.) (3 C.S.C.R. 764) (holding that CUTPA does not apply to a one-time sale of a newspaper business).
Other cases denying the existence of a CUTPA claim against an individual private sale of real estate by one not in the business of doing so: Skinner v. Till, Superior Court, judicial district of New London at New London, Docket No. 514857, (April 16, 1991) (Teller, J.) (3 CONN. L. RPTR. 481, 6 C.S.C.R. 511, 512) (CUTPA does not include a single, solitary sale of a home by a seller not engaged in the business of doing so); Doty v. Silver, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 293192 (February 24, 1995) (Hauser, J.) (holding that an isolated private sale of real estate by one not in the business of doing so is not encompassed within the trade or commerce language of the CUTPA statute).[1]
CUTPA was not intended to address the one-time sale of a business by someone not in the business of selling businesses. Accordingly, the motion to strike counts four and six is granted.
The defendants also argue that the plaintiff has not alleged a legally sufficient claim against Lawton as an individual for tortious interference with a business expectancy. Further, even if such conduct was alleged, Lawton argues he was acting within the scope of his duties as an officer and, therefore, is immune from suit as an individual. CT Page 847
"It is true that the agent is not liable where, acting within the scope of his authority, he contracts with a third party for a known principal . . . It is also true that an officer of a corporation does not incur personal liability for its torts merely because of his official position. Where, however, an agent or officer commits or participates in the commission of a tort, whether or not he acts on behalf of his principal or corporation, he is liable to third persons injured thereby." (Internal quotation marks omitted.) Scribner v. O'Brien, Inc.,169 Conn. 389, 404, 363 A.2d 160 (1975). It is not necessary to pierce the corporate veil in order to find that an officer is personally liable for the commission of a tort. Kilduff v. Adams, Inc.,219 Conn. 314, 331, 593 A.2d 47 (1991). "It is black letter law that an officer of a corporation who commits a tort is personally liable to the victim regardless of whether the corporation itself is liable." Id.
In the present case, the plaintiff does not allege that Lawton is liable solely on the basis of his status as an officer of the company which purchased the diving business. Rather, the plaintiff alleges that Lawton's conduct constituted a tort against him. The Connecticut Supreme Court has held that an agent who commits a tort may be held personally liable to the victim where the facts show that personal responsibility was incurred. See Whitlock's, Inc. v. Manley, 123 Conn. 434, 437, 196 A. 149
(1937). The plaintiff has alleged sufficient facts in his complaint to establish a claim of individual responsibility on the part of Lawton.
Lawton asserts, however, that his participation in the purchase of the diving company is protected by the business judgment rule. "The business judgment rule insulates corporate directors from liability for business decisions within the power of the corporation for which the directors have exercised duecare." (Emphasis in original.) Rosenfield v. Metals SellingCorp. , 229 Conn. 771, 785, 643 A.2d 1253 (1994).
This argument is non-availing. The business judgment rule does not insulate the defendant, Lawton, from exposure to litigation in the present case. The previously cited caselaw provides that when a tort is committed an officer may be heldpersonally liable.
 CONCLUSION
CT Page 848
The defendants' motion to strike counts four and six is granted and that the motion to strike count five is denied.
Mihalakos, J.