******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

PELLETIER MECHANICAL SERVICES, LLC *v.* G & W
MANAGEMENT, INC.
(AC 36993)

DiPentima, C. J., and Alvord and Solomon, Js.

*Argued September 17, 2015—officially released January 12, 2016*

(Appeal from Superior Court, judicial district of

Litchfield, Danaher, J. [motion to strike]; Trombley,
J. [judgment].)

*Alexander G. Snyder*, for the appellant (defendant).

*Brian D. Danforth*, for the appellee (plaintiff).

*Opinion*

DiPENTIMA, C. J. The defendant, G & W Management, Inc., appeals from the judgment of the trial court rendered in favor of the plaintiff, Pelletier Mechanical Services, LLC. On appeal, the defendant claims that the court improperly (1) denied its motion to strike and (2) determined that it was liable, as an agent, for the debt of its principal, Bell Court Condominium Association, Inc. (Bell Court), the owner of the property where the plaintiff had performed repairs and services. We affirm the judgment of the trial court.

The following facts and procedural history are relevant to this appeal. In late 2009, or early 2010, the parties entered into an oral contract in which the plaintiff, a full-service plumbing, heating and air-conditioning contractor, agreed to perform repairs at various properties managed by the defendant. The defendant would solicit faxed proposals from the plaintiff for specific tasks, or request repairs at a certain property in the event of an emergency.

From January 26, 2010 to June 18, 2010, the plaintiff provided goods and services at various properties pursuant to requests made by the defendant. The defendant failed to pay the plaintiff, and the outstanding balance owed was $16,462.28. The plaintiff commenced an action against the defendant, alleging that it was entitled to recover the outstanding balance under the following causes of action: breach of contract, quantum meruit, promissory estoppel, and unjust enrichment.

On August 26, 2011, the defendant sought to strike the plaintiff's complaint pursuant to Practice Book § 10-39. The defendant argued that the complaint was legally insufficient in that the action had been commenced against the incorrect party and the complaint failed to join the necessary parties.[1] Specifically, it claimed that the work done at the various locations was requested by the defendant in its capacity as the property manager, or agent, and done for the owners of the property or the condominium association, the principals. On September 12, 2011, the court, *Danaher, J.*, denied the defendant's motion on the basis that it relied upon facts not set forth in the complaint. The defendant then filed an answer, dated November 1, 2012. The defendant pleaded, inter alia, the special defense that it was the agent for a disclosed principal, and therefore not liable to the plaintiff.[2]

The court, *Trombley, J.*, held a trial on February 28, 2014. At the outset, the plaintiff withdrew its claims of promissory estoppel and unjust enrichment. Gary Pelletier, the owner of the plaintiff, and Andrew Gionta, the owner of the defendant, were the only witnesses. On June 17, 2014, the court issued a memorandum of decision. The court aptly noted two salient points. First, the key question was whether the agent, the defendant,

or the principal, Bell Court, was responsible for the money owed to the plaintiff. Second, the resolution of this dispute was found in the law of agency.

With respect to the work done at the Bell Court property, the court rendered judgment in favor of the plaintiff on its breach of contract claim in the amount of $9082.39, plus costs and postjudgment interest pursuant to General Statutes § 37a-3a, and rendered judgment in favor of the defendant on the quantum meruit count. In support of its conclusion, the court reasoned that although the plaintiff was aware that the defendant had acted as an agent for the property's condominium association, it had failed to disclose the identity of the principal to the plaintiff. The defendant, therefore, was liable for the damages from the breach of the oral contract. As to the residence owned by Gionta, the court rendered judgment in favor of the defendant, reasoning that with respect to that property, the "plaintiff had full knowledge of both the location and the identity of the responsible party." This appeal followed. Additional facts will be set forth as necessary.

I

The defendant first claims that the court improperly denied its motion to strike. Specifically, it argues that the court improperly "failed to conduct any substantive analysis of the defendant's motion and supporting memorandum . . . ." We affirm the judgment denying the motion to strike, albeit for different reasoning than that of the trial court.[3]

On August 26, 2011, the defendant moved to strike the complaint. The defendant alleged in its motion that the plaintiff had commenced the action against an incorrect party, that the defendant was acting as an agent for several disclosed principals and, thus, was not liable, and that the complaint failed to join any of the principals who would be liable under the alleged contract between the plaintiff and the defendant.[4] The accompanying memorandum of law[5] did not contain an analysis or substantive discussion of whether the property owners were necessary parties for the disposition of the action. Instead, the memorandum simply stated: "In addition, the plaintiff's complaint must be stricken because it fails to name the parties who are necessary for the disposition of the action." On September 8, 2011, the plaintiff filed a memorandum of law in opposition to the motion to strike. It argued that the defendant's motion (1) did not challenge the sufficiency of the allegations in the complaint but amounted to a denial of those allegations and (2) relied on facts not alleged in the complaint.

On September 12, 2011, the court denied the defendant's motion. It stated: "The defendant's motion relies upon facts not set forth in the complaint. On that basis alone, it must be denied. *Faulkner* v. *United Technolo-*

*gies Corp.*, 240 Conn. 576, 580, 693 A.2d 293 (1997) (in ruling on a motion to strike, the court is limited to the facts alleged in the [challenged pleading]).”

“A motion to strike attacks the legal sufficiency of the allegations in a pleading. . . . In reviewing the sufficiency of the allegations in a complaint, courts are to assume the truth of the facts pleaded therein and to determine whether those facts establish a valid cause of action. . . . Because a motion to strike challenges the legal sufficiency of a pleading, and, consequently, requires no factual findings by the trial court, our review of the court’s ruling on [a motion to strike] is plenary.” (Citation omitted; internal quotation marks omitted.) *Kortner* v. *Martise*, 312 Conn. 1, 48–49, 91 A.3d 412 (2014); see also *New London County Mutual Ins. Co.* v. *Nantes*, 303 Conn. 737, 747, 36 A.3d 224 (2012).

On appeal, the plaintiff claims, for the first time, that the defendant failed to present any argument or analysis in its motion to strike and accompanying memorandum of law that the property owners were necessary parties to this action. It further contends that the defendant waived this claim and that the property owners were not necessary or indispensable parties to this action. Essentially, the plaintiff has presented an alternative ground for affirming the judgment of the court denying the motion to strike. The plaintiff did not raise this alternative ground before the trial court and did not file a preliminary statement of issues as required under our rules of practice.[6] Nevertheless, under the facts and circumstances of this case, we will consider the plaintiff’s alternative ground and affirm the judgment of the court on that basis.

In *Vine* v. *Zoning Board of Appeals*, 281 Conn. 553, 568–69, 916 A.2d 5 (2007), our Supreme Court stated: “We recognize that, ordinarily, an alternate ground for affirmance must be raised in the trial court in order to be considered on appeal. . . . We also have held that, [i]f the alternate issue was not ruled on by the trial court, the issue must be one that the trial court would have been forced to rule in favor of the appellee. Any other test would usurp the trial court’s discretion.” (Citation omitted; footnote omitted; internal quotation marks omitted.) Under the circumstances present in *Vine*, the court considered an alternative ground for affirming the judgment of the trial court that had not been raised before the trial court. Id., 569–570. Specifically, the court noted that the issue involved a matter of law that did not involve the exercise of discretion by the trial court, the record was adequate for review, the issue was briefed by the parties, consideration of the issue would not prejudice the parties, and the issue was closely related to the certified question. Id., 569.

In *State* v. *Martin M.*, 143 Conn. App. 140, 151–53, 70 A.3d 135, cert. denied, 309 Conn. 919, 70 A.3d 41 (2013), this court considered the state’s res judicata

claim as an alternative ground for affirming the judgment of the trial court even though it had not been presented to the trial court and was raised for the first time on appeal. We noted that the issue was a pure question of law, the record was adequate for our review, and the defendant was not prejudiced because he had the opportunity to respond in his reply brief. Id., 152–53; see also *Bouchard* v. *Deep River*, 155 Conn. App. 490, 496–97, 110 A.3d 484 (2015).

In the present case, the question before us of whether the trial court properly denied the defendant's motion to strike the plaintiff's complaint is a question of law. Furthermore, the record is adequate for our review and the defendant is not prejudiced by our consideration because it had the opportunity to file a reply brief.[7] Last, the alternative ground for affirming the court's judgment raised by the plaintiff is closely related to both issues raised by the defendant in its appeal. For these reasons, and in accordance with the appellate precedent, we will consider the plaintiff's alternative ground for affirming the denial of the defendant's motion to strike.

On appeal, the defendant argues that the court should have granted its motion to strike because the plaintiff failed to join necessary parties, the property owners. See footnote 1 of this opinion. It relied on subsections (a) (3) and (d) of Practice Book § 10-39. As one commentator has observed: "*When the complaint alleges all facts necessary to show that a party not joined is necessary to the action*, [a motion to strike] is . . . used to raise a defect apparent on the face of the pleadings. 1 E. Stephenson, Connecticut Civil Procedure (2d Ed. 1970) § 105, pp. 430–31 . . . ." (Emphasis added; internal quotation marks omitted.) *Caswell Cove Condominium Assn., Inc.* v. *Milford Partners, Inc.*, 58 Conn. App. 217, 224, 753 A.2d 361, cert. denied, 254 Conn. 922, 759 A.2d 1023 (2000). Here, the complaint did not allege all the facts necessary to show that a necessary party was not joined, or that the defendant was an agent of a property owner. The fatal flaw in the defendant's appellate claim, however, is that the defendant did not address, either in his motion to strike or accompanying memorandum of law, the issue of whether the property owners met the definition of a necessary party. Absent such analysis, we conclude that its claim must fail.

"Necessary parties are [p]ersons having an interest in the controversy, and who ought to be made parties, in order that the court may act on that rule which requires it to decide on, and finally determine the entire controversy, and do complete justice, by adjusting all the rights involved in it. . . . [B]ut if their interests are separable from those of the parties before the court, so that the court can proceed to a decree, and do complete and final justice, without affecting other persons

not before the court, the latter are not indispensable parties. . . . A party is deemed necessary if its presence is absolutely required in order to assure a fair and equitable trial." (Citations omitted; internal quotation marks omitted.) Id., 223–24; see also *Bloom* v. *Miklovich*, 111 Conn. App. 323, 333–34, 958 A.2d 1283 (2008).

The motion to strike and the accompanying memorandum of law did not contain an analysis of why the property owners were absolutely required to be made parties in order to assure a fair and equitable trial, nor did they demonstrate that the presence of the property owners was needed for the court to issue a decree and do complete and final justice. See, e.g., *Biro* v. *Hill*, 214 Conn. 1, 7, 570 A.2d 182 (1990). Given these deficiencies in the motion to strike and the memorandum of law, we conclude that the judgment of the trial court denying the motion to strike must be affirmed.

II

The defendant next claims that the court improperly rendered judgment in favor of the plaintiff with respect to the claim for breach of contract. Specifically, it argues that the court misapplied the law of agency under the facts and circumstances of this case. We disagree.

At the outset, we set forth the applicable standard of review. "[T]he scope of our appellate review depends [on] the proper characterization of the rulings made by the trial court. To the extent that the trial court has made findings of fact, our review is limited to deciding whether such findings were clearly erroneous. When, however, the trial court draws conclusions of law, our review is plenary and we must decide whether its conclusions are legally and logically correct and find support in the facts that appear in the record." (Internal quotation marks omitted.) *Saggese* v. *Beazley Co. Realtors*, 155 Conn. App. 734, 751, 109 A.3d 1043 (2015); *Mukon* v. *Gollnick*, 151 Conn. App. 126, 130–31, 92 A.3d 1052 (2014).

The following additional facts are necessary for our analysis. Pelletier testified at trial that he met with representatives from the defendant in late 2009 or early 2010, and then the plaintiff started performing repairs and service work shortly thereafter. Pelletier stated that the plaintiff would receive a telephone call from the defendant requesting repairs or service, and once the job was completed, he would send an invoice to the defendant's office. He also indicated that estimates for jobs would be mailed or faxed to the defendant's office.[8] Pelletier would then receive verbal authorization from the defendant to proceed with the job. Pelletier stated that he "worked directly" with the defendant, rather than the property owner or condominium association. Pelletier never had any direct contact with the property owners or condominium associations, never was told

that it was the plaintiff's responsibility to get payment from them, never was given the names and addresses for them, and never was instructed not to send the invoices to the defendant. In short, the plaintiff addressed the invoices directly to the defendant.

During cross-examination, Pelletier conceded that he knew the defendant was a property management company and not a property owner. The defendant also introduced into evidence nine checks that had been made payable to the plaintiff for work done at the Bell Court property. The checks were drawn on the account of Bell Court, care of the defendant, and were signed by Gionta.

"Agency is defined as the fiduciary relationship that arises when one person (a principal) manifests assent to another person (an agent) that the agent shall act on the principal's behalf and subject to the principal's control, and the agent manifests assent or otherwise consents so to act. 1 Restatement (Third), Agency, § 1.01, p. 17 (2006). . . . As a general matter, a principal is liable for the acts of its agent." (Citation omitted; internal quotation marks omitted.) *Yale University* v. *Out of the Box, LLC*, 118 Conn. App. 800, 807–808, 990 A.2d 869 (2010); see also *McDermott* v. *Calvary Baptist Church*, 263 Conn. 378, 384, 819 A.2d 795 (2003); *Rich-Taubman Associates* v. *Commissioner of Revenue Services*, 236 Conn. 613, 619, 674 A.2d 805 (1996).

When dealing with a third party, however, the agent may incur personal liability under certain circumstances. "*It is clearly the law of this state that* [*i*]*t is the duty of the agent, if he would avoid personal liability on a contract entered into by him on behalf of his principal, to disclose not only the fact that he is acting in a representative capacity, but also the identity of his principal,* as the person dealt with is not bound to inquire whether or not the agent is acting as such for another. . . . If he would avoid personal liability, the duty is on the agent to disclose his principal and not on the party with whom he deals to discover him." (Citations omitted; emphasis added; internal quotation marks omitted.) *Klepp Wood Flooring Corp.* v. *Butterfield*, 176 Conn. 528, 532–33, 409 A.2d 1017 (1979); see also *Rich-Taubman Associates* v. *Commissioner of Revenue Services*, supra, 236 Conn. 619; *Diamond Match Co.* v. *Crute*, 145 Conn. 277, 279, 141 A.2d 247 (1958); *Metro Bulletins Corp.* v. *Soboleski*, 30 Conn. App. 493, 501–502, 620 A.2d 1314 (*Schaller, J.*, dissenting), cert. granted on other grounds, 225 Conn. 923, 625 A.2d 823 (1993) (appeal withdrawn June 4, 1993); *New England Whalers Hockey Club* v. *Nair*, 1 Conn. App. 680, 683, 474 A.2d 810 (1984); see generally 2 Restatement (Third), Agency, Agent for Unidentified Principal § 6.02, p. 28 (2006).

The defendant argues that the court erroneously interpreted and applied the law of agency by requiring

the disclosure of more information regarding the principal.[9] This argument is premised on the defendant's assumption that it had fully disclosed the identity of the principal to the plaintiff. As a result of this purported disclosure, the defendant, as the agent, contends that it was absolved of any liability. The defendant posits that (1) the plaintiff was aware that the defendant was a property management company employed by the owners of the properties, (2) the work was done for the benefit of the property owners, (3) the plaintiff was instructed to bill the property owner,[10] in care of the defendant, and (4) the plaintiff was paid by the defendant with checks drawn on the accounts of the property owners.

The flaw in the defendant's reasoning, however, is that the court never found that the identity of the principal had been disclosed sufficiently to the plaintiff so as to absolve the defendant of liability.[11] Absent such a finding, the defendant remains liable to the plaintiff under the law of agency and the facts in this case. Therefore, its claim that the court erred as a matter of law by requiring the defendant to provide more information about the principal must fail.

The issue of whether an agent has disclosed the identity of a principal so as to avoid liability on a contract is a question of fact. *Robert T. Reynolds Associates, Inc.* v. *Asbeck*, 23 Conn. App. 247, 253–54, 580 A.2d 533 (1990); see also *Murphy* v. *Dell Corp.*, 184 Conn. 581, 582–83, 440 A.2d 223 (1981); *Connecticut Limousine Service, Inc.* v. *Powers*, 7 Conn. App. 398, 402, 508 A.2d 836 (1986). The court in the present case did not find that the defendant had disclosed the identity of the principal. On appeal, the defendant has not challenged the factual findings of the trial court.

The court, in its memorandum of decision, relied on our decision in *Connecticut Limousine Service, Inc.* v. *Powers*, supra, 7 Conn. App. 401–402, where we stated: "The law is settled that where an agent contracts in his own name, without disclosing his representative capacity, the agent is personally liable on the contract. . . . To avoid personal liability, it is the duty of an agent to disclose both the fact that he is acting in a representative capacity and the identity of his principal, since the party with whom he deals is not required to discover or make inquiries to discover these facts." (Citations omitted; internal quotation marks omitted.)

The court explained that the defendant did not disclose the identity of the owners of the Bell Court property until three years after the work had been completed and nearly two years after the commencement of the action. It also noted that Gionta, on behalf of the defendant, responded to the plaintiff's request for payment with a "terse, confrontational and dismissive" letter that did not identify either the name or the location of the principal. Furthermore, the defendant made no attempt

to have the plaintiff bill any other entity. Simply put, as stated by the trial court "[t]he defendant's claim that the plaintiff was made fully aware of the identity of the responsible entity is not supported by the evidence. When, in May, 2013, the defendant, for the first time, disclosed the location of the association governing [the Bell Court property] and the name of the responsible individual, it was, in light of the cited applicable precedent, too little and too late to absolve the defendant of its own liability to the plaintiff for the eight outstanding invoices. The plaintiff . . . has successfully demonstrated . . . that the defendant is legally responsible for the payment of said invoices."

To the extent that the defendant's appellate brief can be read to challenge the court's factual finding that it had failed to disclose the identity of the principal to the plaintiff, we are not persuaded. As our appellate courts have observed repeatedly, it is the sole function of the trial court to weigh the evidence and judge the credibility of the witnesses. *Connecticut Limousine Service, Inc.* v. *Powers*, supra, 7 Conn. App. 402–403; see also *Murphy* v. *Dell Corp.*, supra, 184 Conn. 583; *New England Whalers Hockey Club* v. *Nair*, supra, 1 Conn. App. 684. The court's finding was not clearly erroneous.

We also reject the defendant's argument that the checks used to pay the plaintiff provided sufficient notice of the principal's identity because they were drawn on Bell Court's account. As our Supreme Court has observed: "It is the defendant's contention that the payment by corporate checks was sufficient notice to the plaintiff that the materials were purchased on behalf of the [principal] and that the defendant is not personally liable. To this we cannot agree. The defendant made no attempt to have the plaintiff charge or bill the [principal] instead of himself. He admitted that he was fully aware that all the invoices and bill were made out to him and yet he made no protest until after financial difficulties arose and the plaintiff had instituted suit against him . . . ." *Diamond Match Co.* v. *Crute*, supra, 145 Conn. 278–79; see also *Connecticut Limousine Services, Inc.* v. *Powers*, supra, 7 Conn. App. 402 (payment by corporate check insufficient to exempt agent from personal liability); *Antinozzi Associates* v. *Arch Fracker Plumbing & Heating Contractor, Inc.*, 39 Conn. Supp. 375, 379, 465 A.2d 333 (1983) (same).

The court's factual finding that the defendant did not sustain its burden of disclosing the identity of the principal to the plaintiff to avoid liability for the subject repair work was not clearly erroneous. As a result, we need not consider the defendant's legal argument that the court improperly imposed a duty on the defendant to provide more information than the law requires.[12]

The judgment is affirmed.

In this opinion the other judges concurred.

<sup></sup>

[1] The parties identified in the defendant's motion to strike were: Andrew Carlo, the property owner of 21 Dickerman Street, Watertown; Bell Court, the condominium association for the Bell Court condominium complex in East Hartford; Boulevard South II Association, Inc., the condominium association for the property located at 35 Pearl Lake Road, Waterbury; Regal Park Estates Condominiums, Inc., the condominium association for the property located at 757 Lake Avenue, Bristol; Stonefield Condominium Association, Inc., the condominium association for the property located at 220 Stonefield Drive, Waterbury; and Andrew Gionta, the owner of the residence located at 134 Fern Hill Road, Watertown. See Practice Book § 10-39 (d).

Prior to the trial, the defendant's counsel sent letters to the property owners and condominium associations seeking payment toward the claimed outstanding balance. This letter stated in relevant part: "[The defendant] engaged [the plaintiff] to perform plumbing and HVAC services at your property. According to [the plaintiff], invoices regarding work at your property, and at the property of others, were not paid." Only Bell Court and Gionta did not make payments in response.

[2] Andrew Gionta, the owner of the defendant, wrote a letter, dated October 15, 2010, to the plaintiff stating the following: "[The defendant] disputes the validity of the debt owed to [the plaintiff] in the amount of $16,462.28. [The defendant] has received no services from [the plaintiff]. Please provide me with any documentation showing where [the defendant] received any service. Also, please provide me with any signed documents authorizing [the plaintiff] to perform any work for [the defendant].

"In addition, please provide me with any signed documents authorizing [the plaintiff] to perform work for a [defendant] customer."

[3] See *State* v. *DeLoreto*, 265 Conn. 145, 153, 827 A.2d 671 (2003) ("We note that [w]here the trial court reaches a correct decision but on [mistaken] grounds, this court has repeatedly sustained the trial court's action if proper grounds exist to support it. . . . [W]e . . . may affirm the court's judgment on a dispositive alternate ground for which there is support in the trial court record." [Internal quotation marks omitted.]).

[4] Practice Book § 10-39 (a) provides: "A motion to strike shall be used whenever any party wishes to contest: (1) the legal sufficiency of the allegations of any complaint, counterclaim or cross claim, or of any one or more counts thereof, to state a claim upon which relief can be granted; or (2) the legal sufficiency of any prayer for relief in any such complaint, counterclaim or cross complaint; or *(3) the legal sufficiency of any such complaint, counterclaim or cross complaint, or any count thereof, because of the absence of any necessary party or, pursuant to Section 17-56 (b), the failure to join or give notice to any interested person*; or (4) the joining of two or more causes of action which cannot properly be united in one complaint, whether the same be stated in one or more counts; or (5) the legal sufficiency of any answer to any complaint, counterclaim or cross complaint, or any part of that answer including any special defense contained therein." (Emphasis added.)

[5] Practice Book § 10-39 (c) provides: "Each motion to strike must be accompanied by a memorandum of law citing the legal authorities upon which the motion relies."

[6] Practice Book § 63-4 (a) (1) provides in relevant part: "If any appellee wishes to: (A) present for review alternative grounds upon which the judgment may be affirmed . . . that appellee shall file a preliminary statement of issues within twenty days from the filing of the appellant's preliminary statement of the issues. . . ." We are mindful, however, that the failure to comply with this rule does not bar our review so long as the appellant is not prejudiced by consideration of the alternative ground for affirmance. *State* v. *Osuch*, 124 Conn. App. 572, 580, 5 A.3d 976, cert. denied, 299 Conn. 918, 10 A.3d 1052 (2010).

[7] The defendant did not file a reply brief and therefore chose to not respond to the plaintiff's alternative ground for affirming the judgment of the trial court.

[8] The specific location of where the work was to be performed was listed on the estimates and invoices.

[9] The defendant's argument is based on *Whitlock's, Inc.* v. *Manley*, 123 Conn. 434, 436, 196 A. 149 (1937), where the trial court found that the defendant, an individual, was acting on behalf of a corporation. Our Supreme Court noted that because the identity of the principal was known to the plaintiff, the defendant agent was not liable under the contract between the parties. Id., 437. In support of this conclusion, it relied, in part, on the

Restatement of the Law on Agency, which at that time stated: "An agent, by making a contract only on behalf of a competent disclosed or partially disclosed principal whom he has power so to bind, does not thereby become liable for its nonperformance." (Internal quotation marks omitted.) Id. Although the language quoted by our Supreme Court refers to a partially disclosed principal, that reference does not appear to be necessary to the resolution of the case because it involved a disclosed principal. Furthermore, our Supreme Court subsequently has made it clear that the duty to disclose the identity of the principal rests with the agent if the agent seeks to avoid liability on the contract. *Diamond Match Co.* v. *Crute*, supra, 145 Conn. 279. The third party does not have a duty to discover the identity of the principal. Id.; see also *Murphy* v. *Dell Corp.*, 184 Conn. 581, 440 A.2d 223 (1981) (settled law that where agent contracts in his own name without disclosing representative capacity, agent personally liable on contract, and question of whether sufficient disclosure had been made was question of fact for trial court); *Klepp Wood Flooring Corp.* v. *Butterfield*, supra, 176 Conn. 532–33 (trial court properly refused to impute knowledge of agency relationship to plaintiff).

We also note that comment (b) to § 6.02 of the Restatement (Third) of Agency defines an "unidentified principal" as follows: "An agent acts on behalf of an unidentified principal when the third party with whom the agent deals has notice that the agent acts on behalf of a principal but does not have notice of the principal's identity." Pursuant to this section, if the principal is only partially disclosed, the agent is a party to the contract unless the agent and the third party agree otherwise. 2 Restatement (Third), supra, § 6.02, pp. 28–29. The rationale, in part, for this rule is as follows: "When a third party has notice that an agent deals on behalf of a principal but does not have notice of the principal's identity, it is not likely that the third party will rely solely on the principal's solvency or ability to perform obligations arising from the contract. Without notice of a principal's identity, a third party will be unable to assess the principal's reputation, assets, and other indicia of creditworthiness and ability to perform duties under the contract. If an agent provides reassurances about the principal's soundness only generally or describes the principal, the third party will be unable to verify such claims without notice of the principal's identity. . . . Without notice of a principal's identity, a third party who has notice that an agent represents a principal does not have a basis on which to assess the value of the agent's liability compared to that of the unidentified principal." Id., comment (b), p. 30.

[10] The record does not support this assertion, and the court specifically noted that "[n]o attempt was made by the defendant to have the plaintiff bill Bell Court directly . . . ."

[11] The defendant later relies on its error when it asserts that the plaintiff "knew that . . . Bell Court . . . was the defendant's principal . . . ." Again, we emphasize that the trial court did not find that the plaintiff knew the identity of the principal in this case.

[12] For example, the defendant claimed that the court improperly required it to provide the address of the condominium association that owned the property or the identity of the responsible individual in the association.