******************************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# JOSE SANCHEZ *v.* CITY OF HARTFORD ET AL.
## (AC 46228)

Elgo, Clark and Westbrook, Js.

*Syllabus*

The plaintiff sought to recover damages from the defendants, the city of Hartford and D, a police officer employed by the city, in connection with injuries he sustained when a motorcycle he was driving collided with D's police vehicle. At the time of the accident, the plaintiff was driving through an intersection with a green light, and D, who was responding to an emergency call, accelerated his vehicle through the same intersection with a red light. D activated the lights and sirens on his vehicle pursuant to statute (§ 14-283) only as he entered the intersection, not before. The plaintiff alleged that D's negligence had caused his injuries and that the city was required to indemnify D pursuant to the municipal indemnification statute (§ 7-465). After a trial, the jury returned a verdict for the plaintiff against both defendants, and the trial court rendered judgment in accordance with the verdict. On the defendants' appeal to this court, *held*:

1. The defendants could not prevail on their claim that it was plain error for the trial court to instruct the jury on common-law principles of negligence regarding the operation of a motor vehicle and to fail to instruct the jury that D, as an operator of an emergency vehicle, was permitted to disregard driving statutes, ordinances and regulations: recent decisions by our Supreme Court, including *Adesokan* v. *Bloomfield* (347 Conn. 416) and *Daley* v. *Kashmanian* (344 Conn. 464), supported a claim that the law is unsettled with respect to whether common-law negligence principles apply in the context of § 14-283; moreover, the instructions to the jury regarding negligence in this case did not amount to an error so obvious on its face that it was undebatable, as the court's instructions adequately apprised the jury on the applicable exception to the ordinary rules of driving triggered on satisfaction of the requirements of § 14-283.

2. The defendants could not prevail on their claim that the trial court committed plain error by failing to instruct the jury that § 14-283 (e) imposed a legal duty on the plaintiff to slow down, pull over and/or stop prior to entering an intersection when an emergency vehicle with its lights and sirens on approached the same intersection; the court's instruction to the jury on contributory negligence substantially complied with the language of § 14-283 (e) and adequately apprised the jury of the plaintiff's duty under § 14-283 (e), and the omission of a specific instruction was not so obvious an error as to constitute plain error.

Argued May 16—officially released September 3, 2024

*Procedural History*

Action to recover damages for, inter alia, personal injuries sustained as a result of the alleged negligence of the defendant James Davis, brought to the Superior Court in the judicial district of Hartford and tried to the jury before *Baio, J.*; verdict and judgment for the plaintiff, from which the defendants appealed to this court. *Affirmed.*

*Thomas R. Gerarde*, with whom were *Demar G. Osbourne* and *Lidia M. Michols*, for the appellants (defendants).

*Michael J. Reilly*, for the appellee (plaintiff).

*Opinion*

WESTBROOK, J. The defendants, the city of Hartford (city) and James Davis, a police officer employed by the city, appeal from the judgment of the trial court rendered after a jury trial finding Davis negligent in violation of General Statutes § 14-283,[1] the city liable for indemnification pursuant to General Statutes § 7-465,[2] and finding the plaintiff, Jose Sanchez, contributorily negligent. On appeal, the defendants claim that

---

[1] General Statutes § 14-283 provides in relevant part: "(b) (1) The operator of an emergency vehicle may . . . (B) except as provided in subdivision (2) of this subsection, proceed past any red light, stop signal or stop sign, but only after slowing down or stopping to the extent necessary for the safe operation of such vehicle . . . ."

[2] General Statutes § 7-465 (a) provides in relevant part that "[a]ny town, city or borough, notwithstanding any inconsistent provision of law, general, special or local, shall pay on behalf of any employee of such municipality . . . all sums which such employee becomes obligated to pay by reason of the liability imposed upon such employee by law for damages awarded for infringement of any person's civil rights or for physical damages to person or property, except as set forth in this section, if the employee, at the time of the occurrence, accident, physical injury or damages complained of, was acting in the performance of his duties and within the scope of his employment, and if such occurrence, accident, physical injury or damage was not the result of any wilful or wanton act of such employee in the discharge of such duty. . . ."

the court committed plain error[3] by (1) (a) instructing the jury on common law principles of negligence regarding the operation of a motor vehicle, including the duty to drive with due care, and (b) failing to instruct the jury that Davis, as an operator of an emergency vehicle, was permitted to disregard driving statutes, ordinances and regulations, and (2) failing to instruct the jury that, pursuant to § 14-283 (e), other operators of motor vehicles have a mandatory duty to drive to a position parallel to the curb of the roadway and remain there until the emergency vehicle has passed, "[u]pon the immediate approach of an emergency vehicle making use of . . . an audible warning signal device and such visible flashing or revolving lights . . . ."[4] General Statutes § 14-283 (e). We conclude that the record does not support

[3] The defendants failed to take exception to, and acquiesced in, the jury instructions following an opportunity to review them. "Relevant to the issue of waiver in the context of jury instruction claims, our Supreme Court stated that when the trial court provides counsel with a copy of the proposed jury instructions, allows a meaningful opportunity for their review, solicits comments from counsel regarding changes or modifications and counsel affirmatively accepts the instructions proposed or given, the defendant may be deemed to have knowledge of any potential flaws therein and to have waived implicitly the constitutional right to challenge the instructions on direct appeal." (Internal quotation marks omitted.) *State* v. *Leach*, 165 Conn. App. 28, 32, 138 A.3d 445, cert. denied, 323 Conn. 948, 169 A.3d 792 (2016). A court may, however, review an unpreserved claim under the plain error doctrine. See *State* v. *Bellamy*, 323 Conn. 400, 437, 147 A.3d 655 (2016). The plain error doctrine, "codified at Practice Book § 60-5, is an extraordinary remedy used by appellate courts [only] to rectify errors committed at trial that, although unpreserved, are of such monumental proportion that they threaten to erode our system of justice and work a serious and manifest injustice on the aggrieved party." (Internal quotation marks omitted.) Id.

The defendants' attorney conceded at oral argument before this court that all of the defendants' claims were unpreserved and are made under the plain error doctrine.

[4] The defendants additionally argue that the trial court improperly failed to charge the jury that driving with due regard for safety under § 14-283 "involved a discretionary determination by the operator of the emergency vehicle." We need not address this claim, however, because it is apparent that this claim is an attempt to apply discretionary act immunity under General Statutes § 52-557n to this case. Our Supreme Court's recent decisions in *Adesokan* v. *Bloomfield*, 347 Conn. 416, 297 A.3d 983 (2023), and

the defendants' claims that the challenged portions of the jury instructions constituted plain error. Accordingly, we affirm the judgment of the trial court.

The following facts, which the jury reasonably could have found, and procedural history are relevant to the defendants' claims on appeal. On June 13, 2018, the plaintiff was injured in an automobile accident. At the time of the accident, the plaintiff was driving a motorcycle through a green light in a southbound direction on Wethersfield Avenue in Hartford. Davis was responding to an emergency call[5] and accelerated his vehicle through a red light on Brown Street heading in an eastbound direction. Davis, in accordance with the city's policy and § 14-283, had the lights and sirens of his police cruiser on as he travelled through the red light, but he had turned the lights and sirens on only as he entered the intersection, not before.[6] The plaintiff's motorcycle collided into the side of the police cruiser shortly after the cruiser entered the intersection.

In October, 2018, the plaintiff brought a claim of negligence against Davis alleging a violation of § 14-283, and a claim of indemnification against the city

*Daley* v. *Kashmanian*, 344 Conn. 464, 280 A.3d 68 (2022), however, clearly hold that discretionary act immunity under § 52-557n does not apply to *driving* a motor vehicle in either emergency or nonemergency circumstances. The defendants' citations to *Borelli* v. *Renaldi*, 336 Conn. 1, 243 A.3d 1064 (2020), in support of their claim are not persuasive, because *Borelli* held that the decision to *initiate* a police chase, as distinguished from the manner of *driving* an emergency vehicle, was protected as a discretionary act under § 52-557n. See id., 3–4. We therefore conclude that it was not plain error for the court to fail to charge the jury regarding the "discretionary determination by the operator of the emergency vehicle."

[5] Davis was responding to a report of an individual with a mental illness experiencing hallucinations in the intersection of Wethersfield Avenue, Airport Road and Brown Street.

[6] Davis turned off the police cruiser's lights and sirens as he approached the intersection so as not to disturb the individual reportedly in the intersection. He turned both the lights and sirens back on only as he began to enter the intersection of Wethersfield Avenue and Brown Street.

pursuant to § 7-465. The defendants filed an answer (1) denying liability and (2) asserting a number of special defenses, including contributory negligence.

The matter was tried before a jury over the course of several days in November, 2022. During trial, the trial court, *Baio, J.*, requested that the parties submit proposed jury charges and interrogatories. The defendants did not submit any jury charges prior to the court's deadline for doing so.[7] After the close of evidence, the court conducted a charging conference and summarized the results of the conference on the record, which reflected that the defendants did not object to the jury charges now challenged on appeal.[8]

The parties subsequently submitted proposed jury interrogatories. The plaintiff's proposed interrogatories tracked the language of § 14-283. The defendants' proposed interrogatories focused instead on discretionary act immunity. The trial court, in light of our Supreme Court's recent decision in *Daley* v. *Kashmanian*, 344 Conn. 464, 280 A.3d 68 (2022), reserved for itself the question of whether governmental immunity would apply to the facts presented, and opted to use the plaintiff's jury interrogatories rather than the defendants'.

In its charge to the jury, the trial court explained that the plaintiff was asserting a claim of negligence. The court instructed the jury that "[n]egligence is the doing of something which a reasonably prudent person would not do under the circumstances," and that "[t]he use of proper care in a given situation is the care which an

_____

[7] The defendants submitted two proposed jury charges after the deadline, one charge regarding foreseeability and another regarding sudden emergency. The court declined to add these untimely charges because the first was already subsumed in a different proposed charge and the second was irrelevant to the case.

[8] The defendants expressed concern only over the lack of inclusion of the factors of foreseeability and emergency circumstances in the negligence charge.

ordinarily prudent person would use in view of the surrounding circumstances." The court explained that the plaintiff alleged that Davis "was negligent in that he violated § 14-283," and that, "[i]n order to find [Davis] negligent, [the jury] must find that he proceeded through the red light without due regard as set forth in the statute." The court additionally explained several common-law principles of negligence related to the operation of a motor vehicle, including failure to yield the right of way, failure to keep and maintain a reasonable and proper lookout for other vehicles on the roadway, failure to keep the vehicle under proper and reasonable control, failure to turn the vehicle to avoid the collision, failure to apply brakes in a timely fashion, and operating the vehicle in a careless manner and failing, under the circumstances, to take reasonable and proper precautions to avoid the probability of harm. The court instructed the jury that the defendants had asserted a special defense of comparative negligence and that they claimed that the plaintiff was negligent because he "failed to stop, yield, or keep a reasonable and proper lookout for emergency vehicles in violation of . . . § 14-283 and [General Statutes §] 14-283b."

After deliberation, the jury returned a verdict in favor of the plaintiff against both defendants in the amount of $1,069,649.04. The jury found Davis negligent and the plaintiff contributorily negligent, assigning 35 percent comparative negligence to the plaintiff. In its special interrogatories, the jury specifically found that Davis failed (1) to slow down or stop to the extent necessary for the safe operation of his vehicle when he proceeded past the red light and (2) to operate his vehicle at the time of the incident with due regard for the safety of all persons and property given all the circumstances and conditions then present. The court accepted the jury's verdict and rendered judgment in accordance with the verdict on November 18, 2022.

The defendants filed posttrial motions, including a motion to set aside the verdict on the grounds that the defendants were immune from liability for negligence under the doctrine of governmental immunity and that the jury instructions and special interrogatories were prejudicial, irrelevant, and resulted in jury confusion. The court heard oral argument on the defendants' posttrial motions on January 13, 2023. After oral argument, the court denied the motions. This appeal followed.

The following legal principles guide our analysis of the defendants' claims. "It is well established that the plain error doctrine, codified at Practice Book § 60-5,[9] is an extraordinary remedy used by appellate courts to rectify errors committed at trial that, although unpreserved [and nonconstitutional in nature], are of such monumental proportion that they threaten to erode our system of justice and work a serious and manifest injustice on the aggrieved party. [T]he plain error doctrine . . . is not . . . a rule of reviewability. It is a rule of reversibility. That is, it is a doctrine that this court invokes in order to rectify a trial court ruling that, although either not properly preserved or never raised at all in the trial court, nonetheless requires reversal of the trial court's judgment . . . for reasons of policy." (Footnote added; internal quotation marks omitted.) *State* v. *Ruocco*, 322 Conn. 796, 803, 144 A.3d 354 (2016).

"An appellate court addressing a claim of plain error first must determine if the error is indeed plain in the sense that it is patent [or] readily [discernible] on the face of a factually adequate record, [and] also . . . obvious in the sense of not debatable. . . . This determination clearly requires a review of the plain error

---

[9] Practice Book § 60-5 provides in relevant part that "[t]he court may reverse or modify the decision of the trial court if it determines that the factual findings are clearly erroneous in view of the evidence and pleadings in the whole record, or that the decision is otherwise erroneous in law. . . ."

claim presented in light of the record. Although a complete record and an obvious error are prerequisites for plain error review, they are not, of themselves, sufficient for its application. . . . [T]he plain error doctrine is reserved for truly extraordinary situations [in which] the existence of the error is so obvious that it affects the fairness and integrity of and public confidence in the judicial proceedings. . . . [I]n addition to examining the patent nature of the error, the reviewing court must examine that error for the grievousness of its consequences in order to determine whether reversal under the plain error doctrine is appropriate. A party cannot prevail under plain error unless it has demonstrated that the failure to grant relief will result in manifest injustice. . . . [Previously], [our Supreme Court] described the two-pronged nature of the plain error doctrine: [An appellant] cannot prevail under [the plain error doctrine] . . . unless he demonstrates that the claimed error is *both* so clear *and* so harmful that a failure to reverse the judgment would result in manifest injustice." (Citations omitted; emphasis in original; internal quotation marks omitted.) *State* v. *McClain*, 324 Conn. 802, 812, 155 A.3d 209 (2017).

I

The defendants first claim that it was plain error for the trial court to instruct the jury on common-law principles of negligence regarding the operation of a motor vehicle and for the court to fail to instruct the jury that Davis, as an operator of an emergency vehicle, was permitted to disregard driving statutes, ordinances and regulations. We disagree.

We turn to the first prong of the plain error doctrine, namely, whether the trial court's decision to instruct the jury on common-law principles of negligence regarding the operation of a motor vehicle, and its failure to instruct the jury that Davis, as an operator of an

emergency vehicle, was permitted to disregard driving statutes, ordinances and regulations, was so patent or readily discernible an error as to constitute plain error.

To determine whether the trial court committed plain error in instructing the jury on common-law principles of negligence regarding the operation of a motor vehicle, we must examine the trial court's jury instructions, mindful that, "[j]ury instructions are to be read as a whole, and instructions claimed to be improper are read in the context of the entire charge. . . . A jury charge is to be considered from the standpoint of its effect on the jury in guiding it to a correct verdict. . . . The test to determine if a jury charge is proper is whether it fairly presents the case to the jury in such a way that injustice is not done to either party under the established rules of law. . . . [I]nstructions to the jury need not be in the precise language of a request. . . . Moreover, [j]ury instructions need not be exhaustive, perfect or technically accurate, so long as they are correct in law, adapted to the issues and sufficient for the guidance of the jury." (Citations omitted; internal quotation marks omitted.) *McDermott* v. *Calvary Baptist Church*, 263 Conn. 378, 383–84, 819 A.2d 795 (2003).

The trial court in this case instructed the jury that "the plaintiff specifically allege[d] that [Davis] was negligent in that he violated § 14-283 of the General Statutes and [the city's] general order concerning the operation of police vehicles.

"Where it would normally be a mandated finding of lack of due care for a civilian to proceed against a red light, [§] 14-283 permits a police officer to do so in certain circumstances. The statute permits the officer, if the operator of any emergency vehicle, to do so only after slowing down or stopping to the extent necessary for the safe operation of such vehicle and only if driving

with due regard for the safety of all persons and property. Emergency vehicle is defined in relevant part as any vehicle operated by a police officer 'answering an emergency call or in pursuit of fleeing law violators.' You may consider as evidence of what is required to determine due regard such things as the [police] manual and the circumstances then and there existing, including for example, sight lines, the ability to stop and the like. In order to find [Davis] negligent, you must find that he proceeded through the red light without due regard as set forth in the statute."

The court also instructed the jury on several common-law principles of negligence, including the failure to "yield the right of way to the plaintiff's vehicle," "keep and maintain a reasonable and proper lookout for other vehicles on the roadway," "keep his vehicle under proper and reasonable control," "turn his vehicle to the left or to the right to avoid the collision," "apply his brakes in a timely fashion to avoid the collision when, in the exercise of reasonable care, he could and should have done so," "sound his horn or otherwise signal or warn the plaintiff of the impending collision," and "take reasonable and proper precautions to avoid the probability of harm to the plaintiff" under the circumstances then and there existing.

The defendants in this case contend that the jury instructions were flawed because the jury should have been instructed only in accordance with § 14-283 once the requirements of the statute were satisfied, and not with common-law principles of negligence. The defendants argue that, under a plain reading of § 14-283, the only way a police officer responding to an emergency in accordance with the statute can be found negligent is if he or she was found to have not been "[driving] with due regard for the safety of all persons and property" and not "if they do not abide by traffic laws such as failing to yield the right of way to the [plaintiff's]

vehicle." They argue that it was therefore plain error for the court to instruct the jury in this case on other principles of negligence and to fail to instruct the jury that, under § 14-283, "emergency operators are authorized to disregard statutes, ordinances or regulations governing direction of movement or turning in a specific direction" because the requirements of § 14-283 were met.

Recent cases from our Supreme Court, however, undermine the defendants' claim. In *Adesokan* v. *Bloomfield*, 347 Conn. 416, 441, 297 A.3d 983 (2023), our Supreme Court stated, "by its own terms, § 14-283 (d) imposes . . . a negligence standard of care on emergency vehicle operators . . . ." "Section 14-283 provides the operators of emergency vehicles relief in certain discrete circumstances—such as the response to an emergency or the police pursuit of a fleeing law violator—from what ordinarily would be negligence *per se*, namely, the operation of a motor vehicle in violation of rules of the road such as speed limits and traffic control devices. . . . The effect of the statute is merely to displace the conclusive presumption of negligence that ordinarily arises from the violation of traffic rules. The statute does not relieve operators of emergency vehicles from their general duty to exercise due care for the safety of others." (Citation omitted; emphasis added; footnote omitted; internal quotation marks omitted.) *Daley* v. *Kashmanian*, supra, 344 Conn. 492.

We conclude that the question of whether § 14-283 precludes the application of other common-law principles of negligence is unsettled and that, as a result, it was not plain error for the court to instruct the jury on both § 14-283 and common-law forms of negligence. "[W]e emphasize that it has been especially rare for a jury instruction to be so clearly improper that our courts have deemed plain error review necessary to correct it. . . . This court has done so when the trial court has

affirmatively misstated the law . . . and when it has failed to comply with a statute that mandates a particular instruction. . . . We do not suggest that there are no other circumstances in which an instruction could constitute plain error, but the reluctance with which we have chosen that course underscores that plain error is reserved for only the most egregious defects." (Citations omitted.) *State* v. *Kyle A.*, 348 Conn. 437, 448, 307 A.3d 249 (2024). On the basis of our review of our Supreme Court's decisions in *Daley* and *Adesokan*, we are not persuaded that the court's jury instruction addressing both § 14-283 and common-law principles of negligence amounted to an error so obvious on its face that is beyond debate. Existing case law, at best, supports a claim the law is unsettled with respect to whether common-law negligence principles apply in the context of § 14-283.

We additionally are not persuaded that, when read as a whole, the court's instructions inadequately apprised the jury that, under § 14-283, "emergency operators are authorized to disregard statutes, ordinances or regulations governing direction of movement or turning in a specific direction." The court noted in its instruction to the jury that § 14-283 provides an exception to the drivers of emergency vehicles, stating that, "[w]here it would normally be a mandated finding of lack of due care for a civilian to proceed against a red light, [§] 14-283 permits a police officer to do so in certain circumstances." Although not stated in the specific language of § 14-283, the court's instructions adequately apprised the jury on the applicable exception to the ordinary rules of driving triggered on the satisfaction of the requirements of the statute. We accordingly conclude that it was not plain error for the court to not specifically instruct the jury that, under § 14-283, "emergency operators are authorized to disregard statutes, ordinances or regulations governing direction of movement or turning in a specific direction."

We are therefore unpersuaded that the court's negligence instructions amounted to an error so obvious on its face that is undebatable. We accordingly conclude that the negligence jury instructions in this case were not so clearly and obviously wrong that, when read as a whole, they constitute plain error.[10]

II

The defendants next claim that the court committed plain error by failing to instruct the jury that § 14-283 imposed a legal duty on operators of motor vehicles, such as the plaintiff, to slow down, pull over and/or stop prior to entering an intersection when an emergency vehicle with its lights and sirens on approaches the same intersection. We disagree.

We turn to the first prong of the plain error doctrine, as previously set forth in part I of this opinion, namely, whether the trial court's failure to instruct the jury that the plaintiff "had a mandatory obligation to immediately drive to a position parallel to, and as close as possible to, the right-hand curb of the roadway, keep clear of an intersection, and stop and remain in such position until the emergency vehicle passed pursuant to . . . § 14-283" is so clear an error that a failure to reverse the judgment would result in manifest injustice.

In the present case, the court instructed the jury that "the defendant[s] must prove that the plaintiff was negligent in one or more of the ways specified in the special defense and that such negligence was a legal cause of any of the plaintiff's injuries.

---

[10] "Having determined that the [defendants'] claim fails under the first prong of the plain error doctrine, we need not reach the second prong, which examines whether failure to correct the alleged error would result in manifest injustice. See *State* v. *Blaine*, 334 Conn. 298, 313 n.5, 221 A.3d 798 (2019) (declining to reach second prong of plain error doctrine because defendant's claim failed under first prong)." *Cookish* v. *Commissioner of Correction*, 337 Conn. 348, 359, 253 A.3d 467 (2020).

"The special defense filed by the defendant[s] alleges a number of specific ways in which the plaintiff was negligent. . . . To establish that the plaintiff was negligent, it is not necessary for the defendant[s] to prove all of these specific allegations. The proof by a preponderance of the evidence of any one of these specific allegations is sufficient to prove negligence on the part of the plaintiff. The [defendants claim] that the plaintiff's injury was the result of his own negligence in that . . . *he failed to stop, yield, or keep a reasonable and proper lookout for . . . emergency vehicles in violation of . . . §§ 14-283 and 14-283b.*" (Emphasis added.)

The defendants argue that "[t]he court should have instructed the jury that, if they found that the [plaintiff] failed to drive to a position parallel to the right-hand edge or curb of the roadway and remain stopped in that position until the emergency vehicle passed, then the jury could find that the [plaintiff] was contributorily negligent pursuant to . . . § 14-283."

Although the court did not read verbatim the duty in § 14-283 (e) that, "[u]pon the immediate approach of [a] . . . local police vehicle properly and lawfully making use of an audible warning signal device . . . the operator of every other vehicle in the immediate vicinity shall immediately drive to a position parallel to, and as close as possible to, the right-hand edge or curb of the roadway clear of any intersection and shall stop and remain in such position until the emergency vehicle has passed," this omission did not constitute plain error. The court's instruction to the jury on contributory negligence, including that it consider whether the plaintiff had failed to "stop, yield, or keep a reasonable and proper lookout for emergency vehicles in violation of . . . §§ 14-283 and 14-283b," substantially complied with the statutory language of § 14-283. A plain reading of the instruction as given is that it is a violation of

§ 14-283 to fail to stop and yield upon the approach of an emergency vehicle. As previously stated in part I of this opinion, "[t]he test to determine if a jury charge is proper is whether it fairly presents the case to the jury in such a way that injustice is not done to either party under the established rules of law," and "[j]ury instructions need not be *exhaustive, perfect or technically accurate,* so long as they are correct in law, adapted to the issues and sufficient for the guidance of the jury." (Emphasis added; internal quotation marks omitted.) *McDermott* v. *Calvary Baptist Church,* supra, 263 Conn. 383–84. We are not persuaded that the court's omission of a specific instruction that an operator's duty is triggered by an approaching police vehicle with its sirens on, or that an operator is negligent when they fail to drive to a position parallel to the right-hand edge or curb of the roadway upon the immediate approach of a police vehicle with its sirens on was so obvious an error so as to constitute plain error. Taken as a whole, we conclude that the instruction fairly and adequately apprised the jury of the plaintiff's duty under § 14-283 (e).

The instruction as given generally tracks § 14-283 (e) and gave the jury a clear understanding of the issue presented under the cause of action, defenses, and evidence presented. We therefore conclude that the court's instruction on the defendants' special defense under § 14-283 in this case was not so clearly and patently wrong that it rose to the level of plain error.[11]

The judgment is affirmed.

In this opinion the other judges concurred.

---

[11] See footnote 10 of this opinion.